IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00888-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 22 2008

GREGORY C. LANGHAM
                    CLERK

DOSSIE HOWARD,

   Applicant,

v.

WARDEN SMELSER, and
KEN SALAZAR, The Attorney General of the State of Colorado,

   Respondents.

ORDER OF DISMISSAL

I. Background

Applicant Dossie Howard is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Howard initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Case No. 03CR487 in the Denver County District Court of Colorado. In an order entered on June 10, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 26, 2008, Respondents filed an Answer. Mr. Howard, filed a Letter on July 3, 2008, that

appears to be a reply to the Court's June 10, 2008, Order, and in which he asserts that he did not exhaust his state remedies because the statute of limitations had run.

In the Application, Mr. Howard asserts that he pled guilty on April 15, 2003, to one count of possession of a controlled substance and was sentenced to two years of probation. (Application at 2.) He further asserts he did not file a direct appeal, but he did file a postconviction motion that was denied in state district court in August 2005. (Application at 4.) He also states that he did not appeal the state district court decision. (Application at 4.)

In the Answer, Respondents assert that Mr. Howard was sentenced to three years of incarceration, on April 15, 2003, which the state court suspended pending his successful completion of a two-year term of Intensive Supervision Probation (ISP). (Answer at 2.) Mr. Howard's parole was then revoked in another case, and on May 5, 2003, the court elected not to follow the probation stipulation in the case at issue here and offered him the option of withdrawing his plea. (Answer at 2.) Mr. Howard, however, affirmed his plea, and the court sentenced him to a three-year term in the DOC. (Answer at 2.) The court, nonetheless, on November 24, 2003, suspended the balance of Mr. Howard's sentence and granted him two years of ISP. (Answer at 2.)

After several attempts to complete treatment programs and detainments in several county jails, the probation department, on September 28, 2004, filed a complaint to revoke Mr. Howard's ISP and sentenced him to three years in a Community Corrections program. (Answer at 3.) Mr. Howard was rejected from the Community Corrections program for rule violations, and on August 2, 2005, he was resentenced to the DOC for the remainder of his three-year sentence. (Answer at 3.)

2

Shortly after resentencing, Mr. Howard filed a motion for reconsideration of his sentence that was denied on October 20, 2005, and then, starting November 7, 2005, he filed a series of motions to dismiss and letters to the court claiming his incarceration was unlawful, because his case had been dismissed. (Answer at 3.) Subsequently, on April 30 and June 8, 2007, Mr. Howard again sought reconsideration, but the state court denied the motions on May 30 and July 16, 2007. Mr. Howard then filed a postconviction motion on October 15, 2007, that the court denied on December 9, 2007, as untimely. (Answer at 4.) Another motion to correct an illegal sentence was denied on December 27, 2007, and two additional motions for postconviction relief, were filed in January 2008, alleging entrapment, case dismissal, and civil rights violations. The two additional motions were disposed of on February 8, 2008, as successive, untimely, and conclusory. (Answer at 5.)

II. Analysis

The Court must construe liberally Mr. Howard's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

3

> to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents argue that Mr. Howard's Application is time-barred. They contend that following his March 4, 2003, guilty plea, Mr. Howard was sentenced on April 15, 2003. (Answer at 6.) Because he did not appeal the § 2244(d) statute of limitations began to run on May 30, 2003, when the time for seeking direct review expired. (Answer at 6.) Respondents conclude that Mr. Howard should have filed his habeas action by May 30, 2004, because Mr. Howard did not pursue a postconviction motion in

4

state court from May 30, 2003, until May 30, 2004, and the time is not tolled for the purposes of § 2244(d). (Answer at 6-7.)

As stated above, Mr. Howard did not file a Reply, per se, to Respondents' Answer. He filed two Letters with the Court in which he concedes that he was not able to exhaust his remedies because the statute of limitations had run. Mr. Howard did not address whether the instant action was timely under § 2244(d).

Although Mr. Howard's claims are not the model of clarity, the Court finds that he raises a double jeopardy claim and an entrapment claim. He also appears to assert an ineffective assistance of counsel claim with respect to both the double jeopardy claim and the entrapment claim. With respect to these claims, the Court finds that if Mr. Howard is challenging his original sentence that took place on April 15, 2003, his conviction and sentence became final on May 30, 2003, forty-five days after his sentence was entered, because he did not file a direct appeal of his conviction and sentence. *See* Colo. App. R. 4(b); Colo. App. R. 26(a). Mr. Howard did not file a postconviction motion until August 29, 2005. (Answer, Ex. A, Actions Register, 03CR487.) Therefore, it is clear that Mr. Howard is time-barred in challenging the April 15, 2003, conviction because more than two years passed after his conviction was final during which time he did not have a postconviction motion or collateral review pending in state court.

If, however Mr. Howard is challenging his August 2, 2005, resentencing then his judgment of conviction became final on September 16, 2005, forty-five days after his resentence was entered, because again he did not file a direct appeal. Upon review of the Actions Register in Mr. Howard's state criminal case, the Court finds that after his

5

resentencing he continually filed either motions or letters with the district court that appear to seek dismissal of the criminal case. Without determining whether each of the filings are properly filed postconviction motions or collateral proceedings, the Court is unable to determine whether the time from September 17, 2005, the day after his resentence became final until at the earliest, April 14, 2008, when he signed the instant Application and conceivably gave the Application to a prison official for filing with this Court, is tolled for the purposes of 28 U.S.C. § 2244(d).

With respect to Mr. Howard's entrapment claim and the extent to which he asserts ineffective assistance of counsel involving the entrapment claim, he is challenging the validity of his April 15, 2003, conviction and sentence. Mr. Howard does not allege in either the Application or his construed Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to this claim. He also does not assert that he did not know or could not have discovered the factual predicate for this claim challenging the validity of his conviction and sentence at the time of his conviction and direct appeal or that there were any impediments to filing an application regarding the claim which were created by state action.

Therefore, the Court finds that the one-year limitation period began to run on May 31, 2003, with respect to the entrapment claim. Mr. Howard did not file his first state-court postconviction motion until August 29, 2005, over two years after his April 15, 2003, conviction was final. As a result, the Court finds that the entrapment claim is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances

beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Howard bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Howard fails to allege any facts that might justify equitable tolling of the one-year limitation period with respect to his entrapment claim. In his Reply, Applicant simply asserts that he did not exhaust his state court remedies because the statute of limitations had run. Mr. Howard fails to address why he waited two years to file a postconviction motion regarding the April 15, 2003, conviction. The Court, therefore, finds that Mr. Howard fails to demonstrate that equitable tolling is appropriate, and the entrapment claim is barred by the one-year limitation period.

The Court will refrain from determining whether the Application is time-barred under § 2244(d) with respect to Mr. Howard's double jeopardy claim. The claim will be denied for other reasons as stated below.

B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

7

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See **Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also **Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See **Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See **Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

8

Respondents argue that although Mr. Howard raised both his claims in numerous motions that he filed in Denver district court, he never sought appellate review after the motions were denied. (Answer at 9.) Respondents further contend that an attempt to exhaust his claims now would be futile as any postconviction motion is procedurally barred by Colo. Rev. Stat. § 16-5-402, which establishes a three-year statute of limitations for collateral attack, as well as Colo. R. Crim. P. 35(c)(3)(VI)-(VII), which requires denial of any claim that was or could have been presented in a previous postconviction proceeding. (Answer at 9.)

Although Mr. Howard states on Page Five of the application form that he has presented his claims to the state's highest court, on Page Four he concedes that he did not file an appeal in the postconviction motion he did file, which was denied in August 2005. (Application at 4-5.) Furthermore, the Court, upon review of the Actions Register in Applicant's criminal proceeding, does not find an entry for any appeal that Mr. Howard filed in any of the numerous postconviction motions or motions to dismiss that he filed in the state district court. (Application, Ex. A.)

It is clear that Mr. Howard has not exhausted his state court remedies with respect to any claim that he raises. Nonetheless, depending on whether his claims are found to challenge his April 15, 2003, conviction and sentence or his August 2, 2005, resentencing his claims may or may not be procedurally defaulted. Nonetheless, the Court will not dismiss the action for failure to exhaust or as procedurally defaulted.

III. Conclusion

Claims set forth in a 28 U.S.C. § 2254 action may be denied on the merits notwithstanding a failure to exhaust state court remedies. *See Moore v. Schoeman*,

9

288 F.3d 1231, 1235 (10th Cir. 2002); 28 U.S.C. § 2254(b)(2). Based on the Action Register attached to Respondents' Answer, Mr. Howard was subject to a sentence of three years of incarceration at the DOC plus three years of parole. (Answer at Ex. A.) The trial court suspended the sentence as long as Mr. Howard successfully completed two years of ISP, which he failed to do. (Answer at Ex. A.) In September 2004 Mr. Howard's probation was revoked, and then in August 2005 he was resentenced to the original three-year term of incarceration at the DOC, less presentence confinement credit. (Answer at Ex. A.) Nothing in the Action Register indicates that Mr. Howard's April 15, 2003, conviction and sentence were dismissed. To the contrary, from April 15, 2003, until August 2, 2005, when his parole was revoked and Mr. Howard was resentenced, he continually violated his probation. (Answer at Ex. A.)

The Double Jeopardy Clause prohibits prosecution for the same offense after an acquittal, prosecution for the same offense after a conviction, and multiple punishments for the same offense. *See* U.S. Const. Amend. V, XIV; ***Anderson v. Mullin***, 327 F.3d 1148, 1153 (10th Cir.), ***cert. denied***, 540 U.S. 916 (2003). "The Double Jeopardy Clause does not give a defendant an absolute right to know the exact extent of his punishment." ***Montoya v. State of New Mexico***, 55 F.3d 1496, 1499 (10th Cir. 1995).

Mr. Howard appears to assert he is subject to a double jeopardy violation because his criminal case was dismissed, and he now has been sentenced for the same offense. Mr. Howard's April 15, 2003, judgment of conviction was not dismissed. His sentence simply was suspended allowing him to comply with an ISP, which he was

10

not able to do and as a result was resentenced to his original sentence. Mr. Howard, therefore, fails to assert a violation of Double Jeopardy Clause.

As for his claim of ineffective assistance of counsel, and to the extent he asserts that his counsel was ineffective in not pursuing a double jeopardy violation claim, the claim lacks merit because Mr. Howard fails to assert a double jeopardy violation. Accordingly, it is

ORDERED that both the Application is denied, and the action is dismissed in part as barred by the one-year limitation period in 28 U.S.C. § 2244(d) and in part on the merits.

DATED at Denver, Colorado, this 20 day of Aug., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00888-BNB

Dossie Howard
Prisoner No. 51511
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/22/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk